IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

STEPHEN MORGAN, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

ACE AMERICAN INSURANCE

COMPANY, a Pennsylvania Corporation

    Defendant.

CASE NO.: **3·16-cv-705-J-39MCR**

CLASS ACTION

2016 JUN - 8  PM 1:34

CLERK US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

FILED

COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY
TRIAL

## NATURE OF THE ACTION

1. This is a civil action to recover monetary damages, restitution and injunctive relief arising out of the fraudulent, deceptive, and unconscionable collection of additional charges above and beyond the advertised and contractual premium for optional insurance coverage sold with car rentals.  Additionally, sales tax is assessed on the excess charges, which is effectively an illegal sales tax on insurance.

2. ACE, in conjunction with its Appointed Resident Motor Vehicle Rental Agents ("Appointed Agent"), sells optional insurance coverages in conjunction with car rentals at airports.

3. The optional insurance coverages are variously referred to by the Appointed Agent car rental companies as "Excess Rental Liability Policy" ( a/k/a Supplemental Liability Insurance, a/k/a Additional Liability Insurance, a/k/a Liability Insurance Supplement )

("SLI/ALI/LIS"), Personal Accident Insurance ("PAI"), Personal Effects Protection ("PEP").

4. The Optional Insurance coverages are advertised at stated and fixed per-day premiums; nevertheless, the advertised "rates" are, in effect, not the actual charges for the optional insurance due to the addition of hidden, unlawful charges for the optional insurance above the advertised rates.

5. The actual charges to the consumer exceed the Optional Insurance coverage rates specified in the policy and fixed by the insurer (ACE), notwithstanding Florida laws that forbid charging in excess of policy rates and advertised rates.

6. The Optional Insurance charges merge insurance and non-insurance charges in violation of Florida law prohibiting masking insurance charges via merger of charges for non-insurance products and services.

7. "Concession recovery fees" ("CRF") are additional charges added to the advertised rates and rates specified in the policy and fixed by the insurer for Optional Insurance coverages.

8. CRF's have been widely criticized and are the subject of allegations of consumer deception because they appear to be a government-required tax, when in fact, they are merely a recoupment charge for overhead costs made to look like a fee mandated by the government.

9. One such complaint was voiced by Canada's Competition Bureau investigating "deceptive marketing practices" at Avis and Budget, both of which are car-rental companies. The bureau said they advertise prices that are much lower than the actual final price, after all the other fees are included. "[F]ees are characterized as taxes, surcharges and fees that governments and agencies require Avis and Budget to collect from consumers. In fact, Avis

and Budget impose these charges to recoup part of their own cost of doing business. As a result, consumers end up paying higher prices or receiving lower discounts than advertised.[1]"

10. This action does not challenge charging fees (such as CRF) for mere overhead recovery. But this action does challenge Defendant adding CRF to the advertised rates and rates specified in the policy and fixed by the insurer for Optional Insurance coverages, and thereby violating Florida law and unfairly overcharging its customers.

11. The ACE Optional Insurance coverage policies do not provide for additional charges on top of the policy rates and do not allow for CRF to increase the advertised, stated rates or rates specified in the policy and fixed by the insurer.

12. ACE, individually, or by Appointed Agents, adds CRF to advertised rates and policy rates for Optional Insurance coverages and thus overcharges for such Insurance products.

13. Additionally, Defendant unlawfully charges sales tax on the increase in the rental charges for the optional insurance coverages by virtue of CRF being applied to the premiums and then taxed.

## PARTIES

14. Plaintiff, STEPHEN MORGAN, is a natural person, and currently is, and at all times relevant to the claims alleged was, a citizen of the State of Florida, residing in Duval County, Florida.

---

[1] http://www.cbc.ca/news/business/competition-bureau-seeks-customer-rebates-for-avis-budget-car-rental-fees-1.2990580 [last accessed June 2, 2016].

15. Defendant, ACE, is a Pennsylvania corporation with its principal place of business in
Pennsylvania and is thus a citizen of Pennsylvania.  ACE does business throughout the
United States, including the State of Florida and Duval County.

16. In Florida, Defendant has appointed rental car companies (collectively the "Appointed
Agents") as its agents for the insurance class titled RESIDENT MOTOR VEHICLE
RENTAL, (Agent class: (0223)) to contract and sell optional insurance coverage to their car
rental customers.

17. Known Agents who contract and sell motor motor vehicle rental insurance for Defendant
are:

> AVIS RENT A CAR SYSTEM LLC
>
> BUDGET RENT A CAR SYSTEM INC
>
> BUDGET TRUCK RENTAL LLC #342321
>
> DTG OPERATIONS INC
>
> ENTERPRISE LEASING COMPANY - SOUTH CENTRAL LLC
>
> ENTERPRISE LEASING COMPANY OF FLORIDA LLC
>
> ENTERPRISE LEASING COMPANY OF ORLANDO LLC
>
> FIREFLY RENT A CAR LLC
>
> FLOMCO INC.
>
> PAYLESS CAR RENTAL INC.
>
> SIXT RENT A CAR LLC
>
> THE HERTZ CORPORATION

18. Because the exact identity of all Appointed Agents that engage in the acts forming the basis of this action are unknown and not reasonably ascertainable by Plaintiff until determined through discovery, the Plaintiff and the putative Class reserve the right to modify or further specify the list of Appointed Agents based on the results of discovery.

## JURISDICTION AND VENUE

19. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. §1965(a) because Defendant transacts its affairs here and is subject to personal jurisdiction. This court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in Controversy exceeds $5,000,000, exclusive of costs and interests, and (iii) none of the exceptions under that section apply to this action.

20. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. §1965(a) because Defendant transacts its affairs here and is subject to personal jurisdiction.

## GENERAL ALLEGATIONS

21. Defendant's Optional Insurance coverage classifications, premiums, or rates are not required to be filed and approved, and as such the rates are those specified in the policy and fixed by the insurer. Fla. Stat. §627.062(3).

22. Whether or not the policy rate is approved/filed with State or set by the Defendant the Optional Insurance charges exceed the advertised and policy rates.

23. Plaintiff and the Class do not challenge the governing rates and ratemaking on which the premium is based in the respective policies, nor do they contend that the advertised rates don't match the policy rates. Rather, the Complaint relates to the charge and collection of fees in excess of the rates specified in the policies resulting in charges for optional insurance that are higher than both the advertised rates and rates stated in the policy.

24. Alternatively, if this action is deemed a challenge to the rate charged, rating plan, rating system, or underwriting rule followed or adopted by Defendant, the sections of Part I and Part II of the Florida Insurance code (including Fla. Stat. Ann. § 627.371) that prohibit challenges to charged rates unless administrative remedies are exhausted do not apply to the Defendant's optional insurance coverages at issue here.

25. The coverages here are individual risks that are not rated in accordance with the insurer's rates, rating schedules, rating manuals, and underwriting rules filed with the Office of Insurance and have been submitted to the insurer for individual rating. Thus, the provisions requiring administrative remedies for rate code challenges do not apply. See Fla. Stat. §627.062(3)(b)(excluding Insurance Code Parts I and II from the individually rated policies and thereby excluding §627.371's requirement to seek administrative remedies).

26. Furthermore, if the CRF applied to the optional insurance were a premium, it would be subject to premium tax pursuant to Fla. Admin. Code section 12B-8.001. That section states: "(1) A tax is imposed on insurance premiums or assessments, including membership fees, finance charges, and policy fees ….. received during the preceding calendar year." Fla. Admin. Code Ann. r. 12B-8.001. Upon information and belief, Defendant has not treated CRF revenue applied to the insurance charges in Florida and across the United States as

6

premium income for premium tax purposes and as such is estopped from claiming that CRF revenue from optional insurance is a premium not subject to challenge by the insured.

27. The Defendant, by and through its Appointed Agents, overcharges for the optional insurance coverages sold at airport and other concessions by adding the CRF after advertising and charging the stated policy rates.

28. With the CRF added to the advertised rate and specified or fixed policy rate, Defendant, by and through its Appointed Agents, charges and collects revenue separate and apart from the premiums for optional insurance coverages.

29. A sales tax is also imposed on the CRF.

30. Defendant individually, and by and through its Appointed Agents, actively misrepresent and overcharge for the Optional Insurance coverages by virtue of the additional charges for CRF and sales tax on that. Thus, the price consumers pay is greater than the advertised price and fixed policy premium rate.

31. Defendant ACE is vicariously liable for the conduct of its Appointed Agents in charging and collection of funds associated with the sale of the the optional insurance coverages.

32. The appointed Agents had actual authority to charge and collect premiums for the optional insurance coverages.

33. The actions of the Appointed Agents in charging premiums to Defendant's insureds for the optional insurance products are within the real and apparent authority of the Appointed Agents and are binding on the Agent's principal, ACE, regardless of whether the principal had knowledge of the Agent's actions.

34. Defendant is vicariously liable for its Appointed Agents because they hold a limited license, which is subject to the same applicable requirements and responsibilities as general lines agents, as to motor vehicle excess liability insurance. Fla. Stat. § 626.321(3).

35. Actions of Defendant's Appointed Agents holding a limited license to offer motor vehicle rental insurance are binding as to Defendant with respect to authorized acts, including to:

> (a) solicit insurance or procure applications therefor;
>
> (b) receive or the receipt of money on account of or for any insurer, or receive or receipt for money from other persons to be transmitted to any insurer for a policy, contract, or certificate of insurance or any renewal thereof, although such policy, certificate, or contract is not signed by him or her as agent or representative of the insurer;
>
> (c) directly or indirectly represent himself or herself to be an agent of any insurer or as an agent, to collect or forward any insurance premium, or to solicit, negotiate, effect, procure, receive, deliver, or forward, directly or indirectly, any insurance contract or renewal thereof or any endorsement relating to an insurance contract, or attempt to effect the same, of property or insurable business activities or interests...;
>
> (e) in anywise directly or indirectly make or cause to be made, or attempt to make or cause to be made, any contract of insurance for or on account of any insurer. . . ..
>
> Fla. Stat §626.041.

36. Defendant is vicariously liable for the acts of its Appointed Agents in the CRF charging practices for the Optional Insurance coverages, even if unauthorized when performed,

because Defendant knew or should have known of the practices and ratified the same through course of dealing over many years with the Appointed Agents.

37. Any restrictions imposed by Defendant on its Authorized Agents regarding CRF were unknown by consumers and within the scope of the Agent's actual or apparent authority.

38. The Appointed Agents have apparent authority to enter into contracts for and to charge and collect CRF in excess of premiums for the optional insurance coverages because Defendant:

    a. knowingly permits the Appointed Agents to hold themselves out as having authority to act on behalf of Defendant, or;

    b. through lack of ordinary care, bestowed on the Appointed Agents, indications of authority exist that lead a reasonably prudent car renter to rely on the apparent authority of Appointed Agents to act on behalf of Ace to their detriment;

    c. took actions that lead to apparent authority, include the naming of the Defendant as the insurer in the Agents' sales information, rental contracts, terms and conditions of the rental agreement jacket and website and other information, with public disclosures that were known or should have been known by Ace.

39. The sales practices of Defendant's Appointed Agents surreptitiously misrepresent, conceal and overcharge for insurance in excess of advertised rates and rates specified in the policy and fixed by the insurer resulting in hidden additional charges for optional insurance coverages.

40. The unlawful increase in the fees and taxes consist of CRF and tax on that applicable to the Optional Insurance coverage advertised rates and rates specified in the policy and fixed by the insurer, multiplied by the CRF, plus sales tax on that increase in price.

41. Defendant's insureds must pay these assessments whenever a CRF is charged to optional insurance sold by the Appointed Agents.

42. Plaintiff is not in possession of the ACE policies issued to Morgan; but, attached as Exhibit A is an ACE Excess Rental Liability Policy that, upon information and belief, has the same or similar contractual provisions governing the advertised rates and rates specified in the policy and fixed by the insurer for the optional coverages, including Excess Rental Liability, PAI and PEP issued to Morgan and the Class.

43. The optional coverage policies provide that the Premium "shall be" the charge shown in the Policy Declarations page (as shown here in the ACE Excess Rental Liability Policy):

**M. PREMIUM:** Premium due the Company for this Policy shall be that amount shown in Item 7 of the Declarations and is payable upon the Effective Date of this Policy. Upon termination of this Policy, the earned premium shall be computed in accordance with the rates applicable to this Insurance.

44. The optional coverage policies provide that the premium in the Policy Declarations is the daily rate for the excess coverages (as shown in Item 7 of the Excess Rental Liability Policy):

**ITEM 7:** **POLICY PREMIUM:** Subject to Monthly Reports

Advance Premium (Due at Inception):

Premium Computation:

Subject to monthly reports and audits, the Premium shall be computed at rate of **$ 14.49** per Insured described in paragraph 1 of item 3 above times the number of days in the "Rental Period".

45. The optional coverage policies provide that the premium in the Policy Declarations is the daily rate for the excess coverages, with no additional fees included beyond the stated daily rate times the number of rental days (As shown in the General Endorsement of the ACE Excess Rental Liability Policy):

**GENERAL ENDORSEMENT:**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Budget Rent A Car System, Inc. c/o Avis Budget Group, Inc. | | | 3 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| CGO | G25519668 | 07/01/2010 to 01/01/2011 | |
| Issued By (Name of Insurance Company) | | | |
| ACE American Insurance Company | | | |
| Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy | | | |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**EXCESS RENTAL LIABILITY POLICY COVERAGE PART**

Effective 07/01/2010, it is agreed that Declarations Item 7 is amended as follows:

Policy Premium:
Premium Computation:

*Subject to monthly reports and audits, the Premium shall be computed at a rate of $14.49* per Insured described in paragraph 1 of item 3 above times the number of days in the "Rental Period".

* State Exceptions:
California: $14.80
Colorado: $14.15
Connecticut: $13.92
Florida: $14.43
Hawaii: $13.95
Louisiana: $14.81
Maryland: $13.60
Massachusetts: $14.22
Michigan: $14.81
Minnesota: $14.15
Mississippi: $14.43
Missouri: $13.92
Nebraska: $14.15
Nevada: $15.02
New Hampshire: $14.15
New Mexico: $13.86
Ohio: $13.92
Oregon: $14.15
Rhode Island: $14.15
South Carolina: $13.92
Virginia: $13.60

All other terms and conditions remain the same.

_Barbara_ _____

Authorized Agent

46. The optional insurance coverage policies provide that the Policy embodies all agreements

with the Plaintiff and putative Class, Defendant and Appointed Agents (as shown in section

J of the Excess Rental Liability Policy):

> **J. DECLARATIONS:** By acceptance of this Policy, the **Insured** agrees that the statements made in the Declarations are its agreements and representations, that this Policy is issued in reliance upon the truth of such representations and that this Policy embodies all agreements existing between itself and the **Company** or any of its representatives relating to this **Insurance.**

47. No part of the Optional Insurance coverage policies provide for or otherwise permit additional charges for CRF or sales taxes in excess of the premium shown in the Declarations for the policy.

48. Defendant's Appointed Agents charge CRF's, and sales tax on the increased price, with varying percentages depending on the location where the rental takes place; but, the process of adding the CRF and tax on Optional Insurance charges is a uniform process whenever Appointed Agents' charge CRF to advertised and policy optional insurance rates.

49. Florida law prohibits knowingly collecting as a premium or charge for insurance any sum in excess of the charge applicable to such insurance, premiums and charges *in excess of or less than those specified in the policy and as fixed by the insurer.* Fla. Stat. § 626.9541(o). [Emphasis Added].

50. In this CRF and sales tax pricing scheme, Defendant and its Appointed Agents knowingly collect as a premium or charge for optional insurance coverages sums in excess of the charges applicable to such insurance premiums specified in the policy and fixed by the insurer in violation of Fla. Stat. §626.9541(o).

51. The aforementioned violations of Fla. Stat. § 626.9541(o) are deemed by law to be unfair methods of competition and unfair or deceptive acts in the sale of an insurance contract.

52. Because the cost of the Optional Insurance coverage is included in the overall car rental charges for Plaintiff and the Florida Class, Fla. Stat. § 626.9541(p) requires that the price of the insurance be separately stated and that the amount charged and to be paid for the insurance, and the classifications, if any, upon which it is based be identified.

53. In this CRF and sales tax pricing scheme, Defendant and its Appointed Agents fail to separately state the price, classification and amount charged and to be paid for the full cost of the optional insurance coverages, which in actuality exceeds the charges as advertised, fixed and stated in the policy, thus violating Fla. Stat. § 626.9541(p).

54. Fla. Stat. § 626.9541(p) prohibits the inclusion of the cost of insurance in a purchase price to increase, reduce, or otherwise affect any other factor involved in the cost of the merchandise or property. Fla. Stat. § 626.9541(p).

55. In this CRF and sales tax pricing scheme, Defendant and its Appointed Agents' charges result in an increase and otherwise affect factors -- CFR and sales tax -- involved in the cost of the rental in violation of Fla. Stat. § 626.9541(p).

56. The aforementioned violations of Fla. Stat. § 626.9541(p) are deemed by law to be unfair methods of competition and unfair or deceptive acts in the sale of an insurance contract.

57. The underlying conduct deemed by law to be unfair methods of competition and unfair or deceptive acts in the sale of an insurance contract is inequitable and is a violation of the optional insurance contracts which merge the aforementioned statutes into the contract.

58. In the State of Florida, sales tax is not chargeable to insurance, including the optional insurance coverages.  In charging a sales tax on the CRF for the optional insurance,

Defendant, individually and through its appointed Agents, is effectively and deceptively imposing an illegal sales tax and thus further overcharging consumers.

59. Fla. Stat. Chapter 212 regulates the issuance of taxes, taxable privileges, and tax rates.

60. Only the State can impose state taxes, and only "in pursuance of the law." Art. VII, Fla. Const.

61. Chapter 212 of Florida Statutes regulates sales tax. Fla. Stat. §212.08 currently sets the sales taxes at 6% of applicable sales. Depending on local municipalities, the total tax rate can be as high as 7.5%. The total sales tax rate applicable to the Jacksonville Airport in Duval County is 7%.

62. The sale of insurance products is not a taxable privilege subject to a sales tax. In Florida, sales tax may only be imposed on the total sales price of taxable property. The CRF applied to the insurance is an illegal, unauthorized extracontractual charge added to the rental and Defendant, as seller, cannot legally charge sales tax on the impermissible overcharge.

63. Insurance products are subject to a "premium tax" governed by Fla. Stat. §624.509. Premium tax is not a sales tax charged to the consumer.

64. The advertised prices for optional insurance products are conveyed via Defendant's Appointed Agents' car rental company brochures, websites and customer service personnel.

65. The CRF and sales tax charges on optional insurance are deceptive and harmed Plaintiff and the Class because the charges caused them to unknowingly pay charges for optional insurance in excess of the advertised rates and rate specified in the policy and fixed by the insurer.

66. Deceptive acts, known to and committed by Defendant in concert with its Appointed Agents, include preparing and presenting invoices, e-mails, credit card charge statements, and website statements that mislead consumers into believing that sales tax is owed.

67. Deceptive acts related to the CRF overcharge, known to and committed by Defendant in concert with its Appointed Agents, include the preparing and presenting invoices, e-mails, credit card charge statements, and website statements that mislead reasonable consumers into believing that the actual optional insurance charges equal the advertised premiums and premiums specified in the policy and fixed by the insurer.

68. The CRF insurance charges and sales tax were not voluntary payments because Plaintiff and reasonable, similarly-situated consumers had no notice that the actual charges exceeded advertised rates and rates specified in the policy and fixed by the insurer.

69. By deceptively and unfairly adding CRF and sales tax to charges for the optional insurance products in excess of the advertised rates and stated policy rates specified and fixed by the insurer, Defendant is unjustly enriched.

70. By deceptively and unfairly adding CRF and sales tax to charges for the optional insurance products in excess of the advertised rates and stated rates specified in the policy and fixed by the insurer, consumers are overcharged.

71. Plaintiff has retained the law firm of Normand PLLC to represent their interests and those of the absent class members in this matter and are obligated to pay the law firm reasonable attorney's fee for their services.

72. Defendant owes Plaintiff and class members attorney's fees and costs pursuant to Fla. Stat. §627.428.

## THE MORGAN RENTAL

73. Plaintiff STEPHEN MORGAN was a customer of an agent of ACE, AVIS RENT A CAR SYSTEM LLC ("AVIS"). On or about January 2016, he reserved car rental services for three (3) days in Florida through Avis's website, www.avis.com.

74. On or about January 14, 2016, Plaintiff Morgan and AVIS consummated optional insurance agreements at Jacksonville International Airport in Jacksonville, Florida.

75. Mr. Morgan was overcharged, both because Defendant unfairly imposed a CRF and sales tax on the increased price of the optional insurance products, and because Defendant deceptively and unfairly misrepresented the actual cost of the optional insurance.

76. At the time and place of the Plaintiff's rental, the policy rates and advertised rates for optional insurance coverages were $4.00/day for PAI, $2.95/day for PEP and $14.43/day for ALI, for a total of $21.38/day, and $64.14 for a three day rental.

(Complaint continues on the next page).

77. The Morgan receipt excerpt below shows charges for the optional insurance coverages equal



to the advertised and policy daily rate for the coverages as stated above, *supra* ¶ 76:

78. The CRF, which in the case of Plaintiff Morgan was 11.11%, was applied to the cost

optional insurance coverage and added to the total transaction cost.

79. Furthermore, sales tax was charged on the CRF and added to the transaction cost.

80. The Morgan rental includes insurance overcharges for the increase in the CRF applied to

the advertised and policy rate for optional insurance products and the sales tax added to that.

81. The Morgan rental receipt cryptically fails to disclose what the CRF is, how it is determined,

and even omits the CRF total charges and includes nothing about the CRF being added to

the insurance cost:



82. The overcharge for Optional Insurance coverages was performed by AVIS RENT A CAR

    SYSTEM LLC in the scope of its actual and apparent authority as an Appointed Agent.

83. By virtue of its appointing agents to sell its optional motor vehicle coverages, Defendant

    ACE is liable vicariously for the aforementioned overcharges in the sale of its optional

    insurance products and sales tax on the overcharges.

### CLASS ALLEGATIONS

84. This Complaint is brought as a class action pursuant to 28 U.S.C. §1332(d) and Fed. R. Civ.

    P. Rule 23.

85. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant

    to Fed. R. Civ. P. 23. This action satisfies Rule 23's numerosity, commonality, typicality,

    adequacy, predominance and superiority requirements.

86. The proposed Classes are defined as follows:

a. All insureds that purchased optional insurance coverages in connection with car rentals from Appointed Agents of ACE American Insurance Company in the State of Florida, within the applicable statute of limitations preceding the filing of this action to the date of class certification, and who incurred additional charges in excess of the advertised premium and/or premiums specified in the policy and as fixed by the insurer, for optional insurance coverages (the "Florida Excess Fee Car Rental Class").

b. All insureds that purchased optional insurance coverages in connection with car rentals from Appointed Agents of ACE American Insurance Company Customers in Florida, within the applicable statute of limitations preceding the filing of this action to the date of class certification, and who incurred additional sales tax on fees in excess of the advertised premium and/or premiums specified in the policy and as fixed by the insurer, for optional insurance coverages (the "Florida Sales Tax Car Rental Class").

87. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

88. As described throughout this Complaint, the Defendant engaged in a pattern of related and continuous deception over a substantial, but closed, period of time. Because the exact dates when the CRF was deceptively displayed and collected must be determined through discovery, the Class Period will be broadly defined as the statute of limitations period to the date of Class Certification. Plaintiffs reserve the right to modify or amend the Class description and the Class Period based on the results of discovery.

89. Excluded from the Class are governmental entities, all customers who make a timely election to be excluded, Defendant, any entity in which Defendant has a controlling interest, Appointed Agents and their officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

90. The claims of the representative Plaintiffs are typical of the claims of the Class in that he, like all Class members, was charged excess fees for optional insurance coverages by Defendant individually and acting by and through its Appointed Agents. Plaintiff is a member of the classes. His claims are typical of the claims of the Class Members and he will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are coincident with and not antagonistic of those of other Class Members.

91. As a result of Defendant's practice of overcharging for optional insurance coverages the representative Plaintiffs, and all Class members, have been damaged by Defendant's misconduct in that they incurred wrongful charges in excess of advertised and stated policy charges for optional insurance products in a scheme common to all Class members, and which represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Class.

92. Although the precise number of Class Members is unknown to Plaintiff and can only be determined by appropriate discovery, Plaintiff is informed and believes that the classes of persons affected by Defendant's unlawful acts consists of thousands of people, and are so numerous that joinder of all Class Members is impracticable. For example, estimated U.S.

rental car revenue in 2015 was over 27 billion dollars[2].   Eight  percent of that 2015 revenue ($2,160,000,000)  comes from sales of optional insurance[3].

93. The unlawful and fraudulent acts and practices alleged herein were standardized, uniform practices employed by Defendant personally, and by and through its Appointed Agents, and resulted in illegal and deceptive overcharges to thousands of putative Class Members.

94. This class action is necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(a), because the prosecution of separate actions by or against individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant.

95. Class treatment is also necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(b), because the prosecution of separate actions by or against individual Class Members would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

96. Defendant acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to Classes as a whole pursuant to Rule 23(b)(2).

97. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of Class Members' claims in one forum, since it will conserve

---

[2] http://www.autorentalnews.com/fileviewer/2229.aspx [Accessed June 3, 2016].
[3] http://www.usatoday.com/story/travel/columnist/2015/02/15/rental-car-insurance/23304419/ [Accessed June 3, 2016].

party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual Class Members may be small, their interests in maintaining separate actions is questionable, their knowledge of the untoward charges is unlikely and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them. Plaintiff is unaware of any difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

98. There exist numerous common questions of law and fact in this action, within the meaning of Rule 23(a)(2) Fed. R. Civ. P., and they substantially predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3).

99. The common questions of law and fact include, but are not limited to:

   a. Whether Defendant and/or its Appointed Agents unfairly, deceptively or intentionally conveyed to consumers that the optional insurance charges were equal to those specified in the policy and as fixed by the insurer.

   b. Whether Defendant and its Appointed Agents unfairly, deceptively or intentionally conveyed to consumers that the actual charges they paid for optional\insurance were equal to the advertised rates.

   c. Whether Defendant maintained a corporate policy of misrepresenting the cost of the optional insurance coverages by not clearly and accurately disclosing information necessary for a reasonable consumer to understand that charges for the optional insurance coverage were in excess of the premium rates advertised, published, and/or specified in the policy and as fixed by the insurer.

d.  Whether Defendant violated Fla. Stat. §626.9541 via statute, contractual merger, or common law by charging more than the advertised amount for optional insurance coverage in Florida §626.9541(o).

e.  Whether Defendant violated Fla. Stat. §626.9541 via statute, contractual merger or common law by charging more than the rates specified in the policy and fixed by the insurer for optional insurance coverage in Florida.  Fla. Stat. §626.9541(o).

f.  Whether Defendant violated Fla. Stat. §626.9541 via statute, contractual merger or common law by not separately stating the amount charged and to be paid for the insurance, and by not identifying the classifications upon which they were based. Fla. Stat. §626.9541(p).

g.  Whether Defendant violated Fla. Stat. §626.9541 via statute, contractual merger or common law by the inclusion of the cost of optional insurance products in the rental car purchase price that resulted in a price increase or otherwise affected other factors involved in the cost of the rental car purchase. Fla. Stat. §626.9541(p).

h.  Whether Defendant and/or its Appointed Agents violated FDUTPA by charging more than the rates specified in the policy and fixed by the insurer for optional insurance coverage in Florida.

i.  Whether Defendant and/or its Appointed Agents violated FDUTPA by charging more than the advertised premium rates for optional insurance coverage in Florida.

j.  Whether Defendant breached the insurance contracts by charging extra-contractual fees for the optional insurance coverages in excess of the rates advertised, specified in the policy and fixed by the insurer.

    k.   Whether Defendant is vicariously liable for actions of its Appointed Agents regarding the fees charged for optional insurance coverage.

    l.   Whether sales tax on fees for optional insurance coverage are illegal.

    m.   Whether Plaintiff and Class Members are entitled to the return of excess money they paid for optional insurance coverages together with interest, attorneys fees and other relief.

    n.   Whether Plaintiff and the Class are entitled to injunctive, declaratory or other equitable relief to require Defendant and/or its Appointed Agents to cease charges for CRF and/or sales tax for optional insurance coverage in excess of the advertised rates and rates specified in the policy and fixed by the insurer.

    o.   Whether Plaintiff and the Class are entitled to injunctive, declaratory or other equitable relief to require Defendant and/or its Appointed Agents to cease pricing practices for optional insurance coverages that increase or otherwise affect other factors involved in the cost of the rental car purchase and to separately state the amount charged and to be paid for the insurance, and to identify the classifications upon which they are based.

100. Plaintiffs and the Class bring this action for damages, equitable and injunctive and declaratory relief pursuant to subdivisions (b)(1) and (b)(3) of Rule 23 of the Federal Rules of Procedure.

## COUNT I: UNJUST ENRICHMENT

101. The allegations contained in paragraphs 1 through 100 of this Complaint are incorporated herein by reference.

102. Plaintiff and Class Members conferred a monetary benefit on Defendant in the form of CRF charges applied to the premiums for optional insurance coverages.

103. Plaintiff and Class Members conferred a monetary benefit on Defendant in the form of sales tax on CRF charges applied to the premiums for optional insurance coverages.

104. Defendant received and retained money for the CRF charges and/or sales tax belonging to Plaintiff and Class Members.

105. Defendant appreciated and had knowledge of such benefits.

106. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and Class Members because Defendant's procurement of Plaintiff and Class Members' money was pursuant to deceptive, unfair and illegal practices

107. Plaintiff and Class Members detrimentally relied on representations that the actual charges were the same as the advertised rates and rates specified in the policy and were thus overcharged for the Optional Insurance Coverage products including sales tax.

108. As a result of said overcharge(s) the Plaintiff and the Class Members are entitled to a refund monies paid to Defendant and/or its Authorized Agents for charges received in excess of the advertised rates and/or charges received in excess of those specified in the policy and as fixed by the insurer, and sales tax on that together with costs and such other or further relief as is appropriate.

109. Pursuant to Fla Stat. §627.428 Plaintiff and the Class are entitled to attorney's fees.

110. WHEREFORE, Plaintiff requests this Court enter judgment in its favor and in favor of the Class, against Defendant, for:

i.    An order certifying this case to proceed as Class Action;

ii.   An order directing Defendant to disgorge and repay in restitution the money

procured as a result of the excessive charges;

iii.  Reasonable attorney's fees and costs;

iv.   Punitive damages; and

v.    Injunctive, equitable and other such relief this Court deems just and proper.

## COUNT II: BREACH OF CONTRACT BY EXCESSIVE PREMIUMS FOR OPTIONAL INSURANCE COVERAGES

111.  The allegations contained in paragraphs 1 through 100 above of this Complaint are incorporated herein by reference.

112.  Plaintiff and the Class members were insureds under the optional insurance coverage policies.

113.  The consideration for insurance was the charges paid by the insureds for the insurance.

114.  The amount of the premium must be specified in the policy or, if the exact amount of the premium is determinable only at stated intervals or on termination of the policy, a statement of the basis and rates on which the premium is to be determined and paid must be included. Fla. Stat. § 627.413, ("(1) Every policy shall specify: (a) The names of the parties to the contract; (b) the subject of the insurance; (c) the risks insured against; (d) the time when the insurance thereunder takes effect and the period during which the insurance is to continue; **(e) the premium;** (f) the conditions pertaining to the insurance; .....") (Emphasis added).

115.  Defendant ACE's insuring agreements surrounding the optional insurance products has a Conforming Clause (as shown from Item Q of the ACE Excess Rental Liability Policy):

**"Q, TERMS OF POLICY CONFORM TO STATUTE: Terms of this Policy which are in conflict with the statues of the State, Province or Territory wherein this Policy is issued are hereby amended to conform to such statutes."**

116. By virtue of Conforming Clause(s) and by operation of law, Defendant's optional insurance policies are amended to conform to the minimum requirements of the Florida Insurance Code and the policy must be construed in light of that Florida Insurance code statutes which are incorporated into the policy.

117. Defendant ACE breached the contract of insurance by charging fees for optional insurance products that exceeded the advertised rates and rates specified in the policy and fixed by the insurer.

118. By charging CRF and sales tax thereon in excess of the specified premium for the optional insurance products, Defendant overcharged for the insurance, resulting in a material breach of the contract of insurance.

119. Fla. Stat. §626.9541(o), incorporated into the policy by virtue of the policy Conforming Clause and by operation of law, prohibits "[k]nowingly collecting as a premium or charge for insurance any sum in excess of or less than…...**premiums and charges collected from a Florida resident in excess of or less than those specified in the policy and as fixed by the insurer.".** Fla. Stat. Ann. § 626.9541(o)(2) (Emphasis added).

120. By adding the CRF and adding sales tax on the increased CRF to the cost of the car rental, Defendant is knowingly collecting a premium or charge for insurance in excess of the charge applicable to such insurance premiums specified in the policy and as fixed by the insurer in breach of the insurance agreements and in violation of Fla. Stat. § 626.9541(o).

121. Fla. Stat. Ann. § 626.9541(p)(1), incorporated into the policy by virtue of the policy

conforming clause and by operation of law, respectively prohibits and requires:

> "Insurance cost specified in "price package" 1. When the premium or charge for
> insurance of or involving such property or merchandise is included in the overall
> purchase price or financing of the purchase of merchandise or property, **the vendor
> or lender shall separately state and identify the amount charged and to be
> paid for the insurance, and the classifications, if any, upon which based; and
> the inclusion or exclusion of the cost of insurance in such purchase price or
> financing shall not increase, reduce, or otherwise affect any other factor
> involved in the cost of the merchandise, property, or financing as to the
> purchaser or borrower.**

Fla. Stat. Ann. § 626.9541(p)(1). (Emphasis Added).

122. By charging CRF and sales tax on that in excess of the specified premium for the optional

insurance products, the Defendant unlawfully increases and otherwise affects the CRF, sales

tax and the cost of the car rental, as it pertains to Plaintiff and putative Class, in a breach of

the insurance agreements and in violation of Fla. Stat. § 626.9541(p).

123. Defendant either knew or should have known that the premiums for the optional insurance

products are increased by the CRF and sales tax the increase in price that results from

applying the CRF to the insurance products.

124. Defendant and/or its Appointed Agents derive significant revenue by selling optional

insurance coverages, and their advertising and representations thereof are intended to induce

consumers to purchase said insurance.

125. Defendant breached its contractual promise to charge the advertised rates and rates specified

in the policy and as fixed by the insurer by charging Plaintiff and the Class rates exceeding

those that were promised.

126. As a result of said breach(es) the Plaintiff and the Class Members are entitled to a refund of premiums or sums representing charges they paid for the optional insurance coverages or, alternatively, a refund of charges in excess of the advertised per-day rates and/or rates in excess of those specified in the policy and as fixed by the insurer together with fees, costs and such other or further relief as is appropriate.

127. Pursuant to Florida Stat. §627.428, Plaintiff and the Class are entitled to attorney's fees by virtue of the breach of the insuring agreement.

128. WHEREFORE, Plaintiff requests this Court enter judgment in its favor and in favor of the Class, against Defendant, for:

    i.    An order certifying this case to proceed as a Class Action;

    ii.    An order directing Defendant to pay damages for breach of insurance contract as a result of the sale of optional insurance due the the material breach by Defendant;

    iii.    Alternatively, an order directing Defendant to disgorge any money received as a result of the overcharges in excess of the advertised rate and policy rate;

    iv.    Reasonable attorney's fees and costs; and

    v.    Injunctive, equitable and such relief this Court deems just and proper.

## COUNT III: CLAIM FOR DISGORGEMENT AND RESTITUTION OF ILLEGAL PREMIUM AND SALES TAX CHARGES

129. The allegations of paragraphs 1 through 100 of this Complaint are incorporated herein by reference.

130. At all relevant times, the Defendant and its Appointed Agents were jointly engaged in the unlawful marketing and sale of optional insurance to Plaintiff and Class Members.

131. As a result of said actions, the Defendant and/or its Authorized Agents reaped financial benefits in the form of revenue from the sale of optional insurance coverages in excess of the rates advertised, specified in the policy and fixed by the insurer.

132. The Defendant and its Appointed Agents' caused customers to be overcharged for sales tax on sums paid for the optional insurance coverages.

133. Defendant caused the unlawful charges and bears sole legal responsibility for the excessive charges.

134. By virtue of appointing agents to sell its optional motor vehicle coverages, Defendant ACE is vicariously liable for the excessive charges and sales tax.

135. Defendant is required to disgorge and make restitution to Plaintiff and the Class Members all sums paid in excess of the advertised rates and rates specified in the policy and fixed by the insurer, due to the CRF and sales tax on the CRF being added to the policy rate, together with attorney's fees, costs, interest and such other or further relief as is appropriate.

136. Pursuant to Florida Stat. §627.428, Plaintiff and the Class are entitled to attorney's fees by virtue of Defendant's conduct.

137. WHEREFORE, Plaintiff requests this Court enter judgment in its favor and in favor of the Class, against Defendant, for:

     i.    An order certifying this case to proceed as a Class Action;

     ii.    An order directing Defendant to disgorge any money received as a result of the sale of optional insurance;

     iii.    Alternatively, an order directing Defendant to disgorge any money received as a result of the overcharges;

    iv.    Reasonable attorney's fees and costs; and

    v.    Injunctive, equitable and such relief this Court deems just and proper.

### COUNT IV: VIOLATION OF "FDUTPA"

138. The allegations contained in paragraphs 1 through 100 above of this Complaint are incorporated herein by reference.

139. This is an action by Plaintiff and the Florida Class Members against the Defendant for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

140. Fla. Stat. §501.211 grants a private right of action for violation of FDUTPA.

141. FDUTPA expresses a primary policy "[t]o protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce" and that the act "shall be construed liberally to promote [such] policies..." Fla. Stat. §501.202.

142. Under FDUTPA, the plaintiff must establish three objective elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

143. The first FDUTPA element - deceptive or unfair act - is satisfied (and amenable to class-wide resolution) because, among other reasons, an objectively reasonable observer would be deceived when the advertised rate inaccurately omits the CRF and sales tax on the additional CRF charges for the optional insurance products collected from a Florida resident.

144. The first FDUTPA element - deceptive or unfair act - is satisfied (and amenable to class-wide resolution) because, among other reasons, an objectively reasonable observer

would be deceived when the the premiums and charges collected from a Florida resident are in excess of those specified in the policy and as fixed by the insurer.

145. The second FDUTPA element - causation - is satisfied (and amenable to class-wide resolution) because, among other things, the deceptive or unfair acts resulted in overpayments by the insureds beyond the advertised price, and/or in excess of those prices specified in the policy and as fixed by the insurer.

146. The third FDUTPA element - damages - is established for reasons that include that by charging a price above the advertised rate and policy stated rates fixed by the insurer, Defendant and its Appointed Agents systematically overcharged customers.

147. Under §501.203(3)(c) Fla. Stat., a violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices" is automatically a violation of FDUTPA.

148. As set forth above, the Defendant's actions constitute per se violation(s) of Florida law as well as unconscionable, unfair or deceptive acts or practices in the conduct of trade and commerce in the State of Florida.

149. As a direct and proximate result of the Defendant's unlawful and deceptive activity, the Plaintiff and the Florida Class Members have been damaged.

150. By virtue of appointing agents to sell its optional motor vehicle coverages, Defendant ACE is liable vicariously for the aforementioned unfair and deceptive actions of its agents.

151. The Plaintiff has retained the undersigned counsel to prosecute this action and Plaintiff and Florida Class Members are entitled to recovery of their reasonable attorney fees pursuant to Florida Statute §501.211(2) and §501.210.

152. Unless prevented by this Court, Defendant will continue to violate the law in connection with the deceptive and unfair CRF and CRF related sales tax charges to the irreparable injury of Plaintiff, Florida Class Members and other consumers.

153. Plaintiff and Florida Class Members are entitled to declaratory, injunctive and other equitable relief under FDUTPA to require Defendant to obey and comply with applicable law in connection with the sale of optional insurance coverages and to charge no more than the stated advertised price and prices specified in the policy and fixed by the insurer.

154. As a result of said breach(es), the Plaintiff and the Florida Class Members are entitled to damages, together with fees, costs and such other or further relief as is appropriate.

155. WHEREFORE, Plaintiff requests this Court enter judgment in its favor and in favor of the Class, against Defendant, for:

    i.    An Order certifying this case to proceed as a Class Action;

    ii.    An Order requiring Defendant to pay damages for all monies received for the optional insurance.

    iii.    An Order requiring Defendant to pay damages for all monies received for the overcharges;

    iv.    Reasonable attorney's fees and costs;

    v.    Punitive damages;

    vi.    Injunctive, equitable, and other relief this Court deems just and proper.

## COUNT V: INTENTIONAL AND/OR NEGLIGENT OVERCHARGE OF PREMIUMS AND SALES TAX

156. The allegations of paragraphs 1 through 100 of this Complaint are incorporated herein by reference.

157. At all relevant times, the Defendant, along with its Appointed Agents, were jointly engaged in the unlawful marketing, pricing and sale of optional insurance coverages to Plaintiff and Class Members.

158. The Defendant's charge and collection of CRF and sales tax on optional insurance coverages and the decisions to participate in, aid, and abet Appointed Agents in said activities was negligently performed by Defendant and breached its duty of reasonable care by:

    i.   permitting Agents to charge and collect CRF and sales tax on insurance or facilitating that practice – both before and after service of the Complaint — and failing to halt the practice;

    ii.   failing to advise its Agents that charging and collecting CRF and sales tax on insurance was unlawful;

    iii.   Concluding that CRF and sales tax on insurance is permissible and communicating that opinion to Agents;

    iv.   failing to properly supervise or train Agents to comply with Florida tax and insurance laws.

    v.   permitting Agents to charge and collect CRF and sales tax on optional insurance;

    vi.   failing to communicate to its Agents the illegality of charging sales tax and CRF on separately stated and avoidable insurance fees;

    vii.   misrepresenting to customers that optional insurance CRF and sales tax on CRF charges were not in breach of the contract, equitable, and/or statutory law;

      viii.   failing to disclose that the invoiced figure for optional insurance included a CRF and sales tax on that;

      ix.   negligently violated Florida laws prohibiting unfair and deceptive insurance sales practices;

159. As a direct and proximate result of Defendant's negligence, Plaintiffs, and all others similarly situated, paid excessive charges related to optional insurance coverages.

160. Alternatively, Defendant's charge and collection of CRF and sales tax on optional insurance coverages and the decisions to participate in, aid, and abet Appointed Agents in same conduct was intentionally performed or so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the insureds.

161. The advertising, marketing and sale of CRF on the optional insurance coverages was negligently performed and resulted in Defendant collecting money in excess of the advertised rates and rates specified in the policy and fixed by the insurer.

162. As a result of said actions, the Defendant and or its Authorized Agents reaped financial benefits in the form of income from the sale of optional insurance coverages in excess of the advertised rates and rates specified in the policy and fixed by the insurer.

163. Pursuant to Florida Stat. §627.428, Plaintiff and the Class are entitled to attorney's fees due to Defendant's excessive charges.

164. WHEREFORE, Plaintiff requests this Court enter judgment in its favor and in favor of the Class, against Defendant, for:

      i.   an order certifying this case to proceed as a Class Action;

ii.   an order directing Defendant to disgorge any money received as a result of the sale of optional insurance;

iii.  alternatively, an order directing Defendant to disgorge any money received as overcharges in the sale of optional insurance;

iv.   reasonable attorney's fees and costs;

v.    punitive damages; and

vi.   injunctive, equitable and such relief this Court deems just and proper.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand judgment against Defendant for damages in an amount to be proven at trial, including actual damages, statutory damages, nominal damages, punitive damages, interest, attorney's fees and costs together with declaratory, injunctive and other appropriate equitable relief to require Defendant to comply with applicable law in connection with the sale of optional insurance. In addition, Plaintiff demands trial by jury of all issues so triable.

By: _____

Edmund A. Normand, Esq.
FBN: 865590
Normand Law, PLLC
62 W. Colonial St., Ste 209
Orlando, FL 32814
407-603-6031
firm@ednormand.com
ed@ednormand.com

36