## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

STEPHEN MORGAN, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.                                      Case No. 3:16-cv-705-J-39MCR

ACE AMERICAN INSURANCE
COMPANY, a Pennsylvania
Corporation, AVIS BUDGET CAR
RENTAL, LLC, and AVIS RENT A CAR
SYSTEM, LLC,

      Defendants.

_____/

## O R D E R

    **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 164; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge; Plaintiff's Objection to the Report (Doc. 165; Objection) and Defendants' Responses (Docs. 168 and 169). In the Report, the Magistrate Judge considered Defendants' Motions to Dismiss (Docs. 118 and 119); Plaintiff's Responses in Opposition (Docs. 138 and 139); and Defendants' replies (Docs. 145 and 148). The Magistrate Judge also conducted two hearings on the matter, after which the Magistrate Judge recommended that this case be dismissed with prejudice.

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.

1993); see also 28 U.S.C. § 636(b)(1).  If, on the other hand, a party files an objection, the district judge must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which the party objects.  Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016); 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) (on dispositive matters, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The Court reviews de novo the Magistrate Judge's proposed findings of fact and legal conclusions to which Plaintiff has objected. 28 U.S.C. § 636(b)(1).

Plaintiff notes his disagreement with the Report, but only objects to the conclusions as they relate to Plaintiff's breach of contract claims and his Florida Unfair and Deceptive Trade Practice Act ("FDUPTA"), Fla. Stat. § 501.204 et seq. claims. The essence of Plaintiff's objections is that Plaintiff stated claims asserting he entered into contracts with Defendants for Defendants' provision of insurance in return for a policy premium. Defendants charged a concession recovery fee ("CFR"), and tax thereon, in addition to the policy premiums. Plaintiff seeks return of the CFRs and argues that the CFRs breached the parties' contracts and violated FDUPTA.

The parties agree that New Jersey law applies to Plaintiff's breach of contract claims. Under New Jersey law, a party asserting a breach of contract must claim "1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). FDUPTA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Fla. Stat. §

501.204. "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So. 2d 773, 777 (Fla. 2003) (internal quotations omitted). "Deception occurs if there is a representation, omission, or practice that is likely to mislead consumers acting reasonably in the circumstances, to the consumers' detriment." State v. Beach Blvd Auto. Inc., 139 So. 3d 380, 386–87 (Fla. 1st DCA 2014).

Plaintiffs breach of contract and FDUPTA claims are intertwined to the extent that they rely on Defendants charging CRFs. But, as the Report notes and Plaintiff concedes, the CFRs were agreed upon as part of the parties' contracts. Plaintiff argues that even though the CFRs were agreed upon, they were nonetheless illegal because they violated Florida's Unfair Insurance Trade Practices Act ("FUITPA"), Fla. Stat. § 626.9541. The problem with Plaintiff's argument, is that by its own terms, the claims are morphed into ones under FUITPA. Plaintiff does not bring a FUITPA claim because he acknowledges that this claim would require exhaustion of administrative remedies, something he did not do.

Instead, Plaintiff tries to distinguish CFRs from the premium or rates charges, but these types of arguments have repeatedly been rebuffed. See e.g., Patel v. Specialized Loan Servicing, LLC, 904 F.3d 1314, 1323 (11th Cir. 2018) (explaining that the filed rate doctrine bars claims that contest "the inclusion of certain charges in (or the omission of certain discounts from) a rate filed with the appropriate administrative agency"). Plaintiff's attempts to recast his claim as a breach of contract where the FUITPA is silent also fails. See Buell v. Direct Gen. Ins. Agency, Inc., 267 F. App'x 907, 909 (11th Cir.

2008) (holding that "plaintiffs may not evade the Florida legislature's decision to withhold a statutory cause of action for violations of the pertinent provisions of FUITPA by asserting common law claims based on such violations"). Similarly, Plaintiff's FDUPTA claims are doomed because they necessarily involve insurance activity. See State v. Beach Blvd Auto. Inc., 139 So. 3d 380, 387 (Fla. 1st DCA 2014) (highlighting FDUPTA's inapplicability to "activity regulated under the laws administered by the former Department of Insurance which are now administered by the Department of Financial Services") (internal quotations omitted).[1]

Upon de novo review, the Report correctly determined that Plaintiff did not assert viable breach of contract claims nor did Plaintiff assert viable FDUPTA claims. The Report did not error in its recommendation of dismissal, much less clearly so.

Accordingly, after due consideration, it is

**ORDERED:**

1.   Plaintiff's Objection to the Report (Doc. 165) is **OVERRULED**.

2.  The Report and Recommendation (Doc. 164) is **ADOPTED** as the opinion of the Court.

3.  Defendants' Motions to Dismiss (Docs. 118 and 119) are **GRANTED**.

4.  This case is **DISMISSED with prejudice**. The Clerk of the Court shall terminate all pending motions and close the file.

---

[1] Plaintiff's allegation pertaining to the type of coverage Defendants provide are not owed a presumption of truth were the insurance contract is available to the Court and that contract indisputably rebuts Plaintiff's characterization. See Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.").

**DONE** and **ORDERED** in Jacksonville, Florida this  _30th_  day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record